# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **UNIVERSAL REHEARSAL** | § | Case No. 22-31966-mvl11 |
| **PARTNERS, LTD.,** | § | |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| **UNIVERSAL REHEARSAL** | § | |
| **PARTNERS, LTD.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adversary Proc. No. 23-03011 |
| vs. | § | |
| | § | |
| **VINCENT EDWARD BARNHILL,** | § | |
| | § | |
| Defendant. | § | |

## SCHEDULING ORDER

Upon consideration of the *Motion to Adopt Proposed Scheduling Order* (the "**Motion**") filed by Erik White, in his capacity as trustee (the "Trustee") of the Universal Rehearsal Partners Liquidating Trust, successor to Universal Rehearsal Partners, Ltd. in the above-captioned chapter 11 bankruptcy case (the "Bankruptcy Case"), seeking entry of this order (this "Scheduling Order" or "Order") with respect to the above-referenced adversary proceeding; and this Court having found that good cause exists to enter this Scheduling Order, **IT IS HEREBY ORDERED** that the following dates and deadlines shall apply:

1. **Deadline to Amend Complaint**: Mr. John Kirtland ("Kirtland"), Mr. Vincent Barnhill ("Barnhill"), and the Trustee (collectively, the "Parties") shall have **30 days** after entry of this Scheduling Order to amend their complaints and/or counterclaims to assert certain estate causes of action in accordance the *Notice of Assignment of Derivative Standing* [Dkt. #158] filed in the Bankruptcy Case (the "Amended Complaint Deadline").

2. **Rule 26(f) Conference and Initial Disclosures**: The Parties shall have **14 days** after the Amended Complaint Deadline to complete their Rule 26(f) conference. Initial disclosures must be made at or within **14 days** after the Rule 26(f) conference.

3. **Written Discovery**: All written discovery shall be served in this contested matter not later than **60 days** after the entry of this Scheduling Order. Parties responding to written discovery shall have **30 days** from receipt of written discovery requests to respond, and shall produce all documents responsive to any requests for production and subpoenas not later than **120 days** from the entry of this Scheduling Order (the "Discovery Period"). Each party choosing to submit written interrogatories pursuant to Federal Rule of Bankruptcy Procedure 7033 will be initially limited to propounding **thirty (30) questions** to each adverse party. Each party choosing to submit requests for admission pursuant to Federal Rule of Bankruptcy Procedure 7036 will be initially limited to **twenty (20) requests** to each adverse party. In determining whether this limit has been met, each

separate paragraph within a request and each sub-part contained within a request which calls for a separate response shall be counted as a separate request.

4. **Depositions**: If any party intends to call a witness at the trial, whether in person or by declaration, that person must be made available for deposition. All depositions must be completed not later than **120 days** from the entry of this Scheduling Order

5. **Experts and Expert Reports**: If any party intends to call an expert to testify at trial, such expert must be identified and disclosed to the opposing party not later than **75 days** before the trial. All expert reports that a party intends to use at the trial must be circulated not less than **60 days** before the trial, and the expert must be made available for deposition not less than **45 days** before the trial. All expert rebuttal reports must be exchanged not less than **30 days** before the trial.

6. **Witnesses/Exhibits**: All exhibits, except impeachment documents, shall be marked with exhibit labels and exchanged with opposing counsel on or before **three (3) business days** prior to the trial. Additionally, the Witness and Exhibit List required by Local Rule 9014(d) shall also be filed on or before **three (3) business days** prior to the trial. Only witnesses made available for deposition pursuant to ¶ 3 above shall be permitted to testify at the trial:

7. **Meet and Confer**: The Parties shall meet and confer **two (2) business days** prior to the trial to engage in good-faith attempts to determine admissibility of evidence and stipulate to facts not in dispute. Any stipulation reached between the parties shall be filed with the Court one (1) business day before the trial or, if not feasible, stipulations shall be presented to the Court at the commencement of the trial.

8. **Trial**: The trial shall be set by the Court at the next available date that is **180 days** from the entry of this Scheduling Order.

9. **Modifications by Agreement**: The parties to this Scheduling Order may agree among themselves to modify any deadlines in this Scheduling Order, except the deadlines for (1) the exchange

of Witness and Exhibit lists; (2) the deadline to meet and confer, and (3) the date of the trial which shall not be changed except by further agreement of the Court with notice provided to all appropriate parties

### ### END OF ORDER ###

*Prepared and submitted by:*

John J. Kane (SBN 24066794)
Kyle Woodard (SBN 24102661)
JaKayla J. DaBera (SBN 24129114)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4200
Telecopier: (214) 777-4299

**Counsel for Erik White, Trustee of the Universal Rehearsal Partners Liquidating Trust**