IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>**UNIVERSAL REHEARSAL PARTNERS, LTD.,**<br><br>Debtor. | §§§§§§§ | Case No. 22-31966-mvl11<br><br>Chapter 11 |
| **UNIVERSAL REHEARSAL PARTNERS, LTD.,**<br><br>Plaintiff,<br><br>vs.<br><br>**VINCENT EDWARD BARNHILL,**<br><br>Defendant. | §§§§§§§§§§§ | Adversary Proc. No. 23-03011-mvl |

### MOTION TO DISMISS CLAIMS IN ADVERSARY PROCEEDINGS

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON APRIL 11, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Erik White, in his capacity as trustee (the "Trustee") of the Universal Rehearsal Partners Liquidating Trust (the "Liquidating Trust") established pursuant to the confirmed *Chapter 11 Plan of Liquidation* [Case No. 22-31966, Dkt. #118-1] (the "Plan")[1] of Universal Rehearsal Partners, Ltd. (the "Debtor"), files this *Motion to Dismiss Claims in Adversary Proceedings* (the "Motion") and, in support hereof, respectfully states as follows:

## SUMMARY OF MOTION

1. The Liquidation Trust holds all of the Debtor's Causes of Action under the Plan. Pursuant to and in accordance with the Plan, the Trustee has assigned derivative standing to John Kirtland ("Kirtland") and Vince Barnhill ("Barnhill") as necessary for each of them to pursue the Debtor's Causes of Action (except Avoidance Actions) in these Adversary Proceedings. Accordingly, the Trustee hereby seeks to dismiss the Debtor's Causes of Action (other than Avoidance Actions), *without prejudice*, and to have the Debtor removed as a party from these Adversary Proceedings.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court"), has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On October 21, 2022, the Debtor filed a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code, commencing the above-captioned bankruptcy case.

5. On January 19, 2023, the Debtor filed a *Notice of Removal* [Case No. 22-31966, Dkt. #79] for the case of *Universal Rehearsal Partners LTD v. Barnhill*, Cause No. DC-22-00172, which was

---

[1] Capitalized terms that are used but not defined in this Motion shall have the meanings provided in the Plan unless otherwise noted.

pending in the 191st District Court of Dallas County, Texas, and which is now pending before this Court as Adversary Proceeding No. 23-03011 (the "URP Adversary Proceeding"). Also on January 19, 2023, John Kirtland filed a *Notice of Removal* [Case No. 22-31966, Dkt. #80] for the case of *John Kirtland v. Vince Edward Barnhill*, Cause No. DC-21-16507, which was pending in the 193rd District Court of Dallas County, Texas, and which is now pending before this Court as Adversary Proceeding No. 23-03012 (the "Kirtland Adversary Proceeding," and together with the URP Adversary Proceeding, the "Adversary Proceedings").

6. On February 28, 2023, the Court entered an *Order Consolidating Adversary Proceedings Pursuant to Rule of Bankruptcy Procedure 7042* [Adv. No. 23-03011, Dkt. #7; Adv. No. 23-03012, Dkt. #5] consolidating the Adversary Proceedings and joining the Kirtland Adversary Proceeding with the URP Adversary Proceeding for hearing and trial.

7. On April 5, 2023, the Court entered its *Findings of Fact, Conclusions of Law, and Order (I) Approving Debtor's Disclosure Statement on a Final Basis and (II) Confirming Debtor's Chapter 11 Plan of Liquidation* [Case No. 22-31966, Dkt. #118] (the "Confirmation Order") (i) confirming the Plan, (ii) approving the form of *Liquidating Trust Agreement* attached thereto as Exhibit B [Case No. 22-31966, Dkt. #118-2] (the "Trust Agreement"), and (iii) appointing Erik White as Trustee of the Liquidating Trust. The Plan became effective on April 10, 2023 (the "Effective Date"). *See* Case No. 22-31966, Dkt. #121.

8. The Liquidating Trust was formed as of the Effective Date, pursuant to the Plan and the Confirmation Order, and is governed by the terms of the Plan and the Trust Agreement dated April 10, 2023, between the Debtor and the Trustee. All of the Debtor's Causes of Action (as defined in the Plan), including but not limited to Avoidance Actions (as defined in the Plan), vested in the Liquidating Trust as of the Effective Date, and the Trustee has exclusive authority to enforce and pursue such Causes of Action under the Plan. *Plan* §§ 6.02 and 6.06; *Conf. Order* ¶ 9.

9. The Plan authorizes the Trustee, in his sole discretion, "to assign derivative standing to pursue any estate Causes of Action to any person or entity" so long as the Trustee reasonably believes that doing so "will assist in or expedite the resolution of disputes pertaining to Class 5 Interests." *Plan* § 6.06; *Trust Agreement* § 4.01(ff).  In accordance with this authority, on September 6, 2023, the Trustee filed a *Notice of Assignment of Derivative Standing* [Case No. 22-31966, Dkt. #158] (the "Derivative Standing Notice") (i) assigning derivative standing to Kirtland to pursue all claims and Causes of Action, other than Avoidance Actions, that the Liquidating Trust has or may have against Barnhill and (ii) assigning derivative standing to Barnhill to pursue all claims and Causes of Action, other than Avoidance Actions, that the Liquidating Trust has or may have against Kirtland.  The Derivate Standing Notice assigns to Kirtland or Barnhill all Causes of Action (other than Avoidance Actions) asserted by, or that could have been asserted by, the Debtor and/or the Liquidating Trust in the Adversary Proceedings (such assigned Causes of Action, collectively, the "Assigned Causes of Action").  The Derivate Standing Notice expressly retains and reserves the Trustee's exclusive right to assert and pursue all Avoidance Actions and all Causes of Action against third parties other than Kirtland and Barnhill.

10. On October 5, 2023, the Court entered a *Scheduling Order* [Adv. No. 23-03011, Dkt. #15], pursuant to which Kirtland and Barnhill were authorized to amend their Complaints in the Adversary Proceedings to assert the Assigned Causes of Action in accordance with the Derivative Standing Notice.

11. The Trustee has filed an Objection to Proof of Claim No. 6 filed by Kirtland [Case No. 22-31966, Dkt. #135] and an Objection to Proof of Claim No. 8 filed by Barnhill [Case No. 22-31966, Dkt. #136] (collectively, the "Claim Objections").  On October 20, 2023, the Court entered an *Agreed Order Abating Claim Objections* [Case No. 22-31966, Dkt. #163] abating the Claim Objections

pending a final resolution of the Adversary Proceedings. The Claim Objections have not been consolidated with the Adversary Proceedings.

## **RELIEF REQUESTED**

12. Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, made applicable by Rule 7041 of the Federal Rules of Bankruptcy Procedure, the Trustee hereby requests that the Court enter an Order (i) dismissing, *without prejudice*, any remaining Causes of Action (other than Avoidance Actions), if any, held by the Debtor or the Liquidating Trust against Kirtland and/or Barnhill in the Adversary Proceedings and (ii) removing the Debtor as a party to the Adversary Proceedings. For the avoidance of doubt, the Trustee does not seek dismissal of any Assigned Causes of Action asserted by Kirtland or Barnhill in accordance with the Orders of this Court.

## **PRAYER**

**WHEREFORE**, the Trustee respectfully requests that the Court grant this Motion and enter an Order, substantially in the form attached hereto, dismissing the Debtor's Causes of Action and removing the Debtor as a party from the Adversary Proceedings, as requested herein, and that the Trustee be granted such other and further relief as the Court deems just and proper.

DATED: March 21, 2024

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Kyle Woodard*
    **John J. Kane**
    State Bar No. 24066794
    **Kyle Woodard**
    State Bar No. 24102661
    **JaKayla DaBera**
    State Bar No. 24129114
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com
Email: jdabera@krcl.com

**Attorneys for Erik White, Trustee of the Universal Rehearsal Partners Liquidating Trust**

### CERTIFICATE OF SERVICE

    I hereby certify that on March 21, 2024, a true and correct copy of the foregoing Motion was filed with the Court and served (i) via the CM/ECF system upon all parties receiving such electronic service in this matter and (ii) via e-mail upon Jacob Sparks (jacob.sparks@nelsonmullins.com), counsel for John Kirtland, and Joyce Lindauer (joyce@joycelindauer.com), counsel for Vince Barnhill.

                                                */s/ Kyle Woodard*
                                                  Kyle Woodard